UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEPA PROJECTS & INVESTMENTS LIMITED,  :
                                                Plaintiff,         :      09 Civ. 5118 (LAK)

    - against -                                 :      ECF CASE

KYODO CORPORATION,
KYODO SHIPPING LIMITED,
PROGRESS SHIPPING LIMITED
and GAMACO JAPAN

                                   Defendants.     :
------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN OPPOSITION TO ORDER TO SHOW CAUSE ISSUED ON OCTOBER 26, 2009

Patrick F. Lennon (PL 2162)
Nancy R. Siegel (NP 2871)
Darin L. Callahan (DC 8243)

LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
Phone / Fax (212) 490-6050 / 6070
pfl@lenmur.com
nrs@lenmur.com
dlc@lenmur.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................... 1

FACTUAL BACKGROUND..................................................................... 1

ARGUMENT............................................................................................ 1

    POINT I: DEFENDANTS' PROPERTY WAS........................... 1
    VALIDLY RE-ATTACHED

    POINT II: RELIANCE CONSIDERATIONS............................ 4
    MILITATE AGAINST GIVING *JALDHI*
    RETROACTIVE APPLICATION

CONCLUSION......................................................................................... 5

# TABLE OF AUTHORITIES

*Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.,* .................... 2
85 F.3d 44 (2d Cir. 1996)

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.,* ............................ 3
460 F.3d 434 (2d Cir. 2006)

*Consub Delaware, LLC v. Schahin Engenharia Limitada,* ..................... 3-5
543 F.3d 104 (2d Cir. 2008)

*Esso Standard (Switzerland) v. The Arosa Sun,* ................................... 2
184 F. Supp. 124 (S.D.N.Y. 1960)

*Good Challenger Navagante S.A. v. Metalexportimport S.A.,* ................ 3
2006 U.S. Dist. LEXIS 97920 (S.D.N.Y. 2006)

*Margo v. Weiss,* ............................................................................. 4
213 F.3d 55 (2d Cir. 2000)

*Reibor Int'l Ltd. v. Cargo Carriers (KACZ-Co.)., Ltd.,* ......................... 3
759 F.2d 262 (2d Cir. 1985)

*The Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd.,* ............... 1, 3-4, 5
2009 U.S. App. LEXIS 22747 (2d Cir. 2009)

*Winter Storm Shipping v. TPI,* ......................................................... 3-4, 5
310 F.3d 263 (2d Cir. 2002)

## PRELIMINARY STATEMENT

Plaintiff, NEPA PROJECTS & INVESTMENTS LIMITED ("Plaintiff"), submits this Memorandum of Law in Opposition to the Order to Show Cause issued on October 26, 2009 ordering Plaintiff to show cause why the process of maritime attachment issued in this action should not be vacated or modified and the action dismissed in light of the Second Circuit Court of Appeals decision in *The Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd.*, 08-3477-cv, 2009 U.S. App. LEXIS 22747 (2d Cir. 2009)("*Jaldhi*").

Plaintiff also wishes to remind the Court that the parties, Plaintiff and Defendant Kyodo Corporation, entered into a Third Consent Turn Over Order is currently pending before the Court. Plaintiff respectfully renews its requests that your Honor endorse the Third Consent Turn Over Order, a copy of which is annexed to the Declaration of Darin L. Callahan (hereinafter "Callahan Decl.") as Exhibit "A."[1]

## FACTUAL BACKGROUND

The fact as set forth in the Amended Verified Complaint are herein incorporated by reference. *See Amended Verified Complaint annexed to the Callahan Decl. as Exhibit "B."*

## ARGUMENT

### POINT I

### DEFENDANTS' PROPERTY WAS VALIDLY RE-ATTACHED

Plaintiff respectfully submits that the *Jaldhi* analysis is inapplicable to the funds being held in this case as the security for Plaintiff's claims is no longer part of EFTs being processed by intermediary banks. Rather, the attached funds are likely contained within a bank account, holding account or other financial holding instrument (hereinafter

---

[1] Annexed hereto as Exhibit "A" is Plaintiff's letter to the Court dated November 4, 2009 ("Letter"). The Letter was submitted to the Orders & Judgments Clerk on November 4, 2009 for presentation to your Honor. The Third Consent Turn Over Order is annexed as Exhibit "1" to the Letter.

1

"Legal Account(s)") within the Garnishees. While *Jaldhi* held that EFTs may no longer be attachable property, Supplemental Rule B attachment still extends to property of a defendant being held in bank accounts. *See e.g., Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 46 (2d Cir. 1996)(confirming that there is no question that federal admiralty law regards a defendant's funds held in a bank account as property subject to maritime attachment under Rule B).

Here, after the EFTs were restrained in the action and placed into Legal Account(s) at the Garnishees, subsequent service of the Attachment Order was made on the Garnishees. The second service (and/or additional supplemental service thereafter) of the Attachment Order after the EFTs were restrained, re-attached any and all funds the Garnishees had in their possession in which the Defendants held a property interest. This includes the actual funds of the Defendants, which Plaintiff believes were deposited by the Garnishees into the Legal Account(s). Proper and lawful re-attachment works to preserve the Court's jurisdiction. Under the circumstances, Plaintiff should have the benefit of limited discovery on how funds were restrained <u>after</u> their initial restraint as EFTs and/or to determine if, in fact, the funds were ever related to an EFT transaction in the first place, as to date the Garnishees have merely advised that they have restrained the Defendants' funds.

However, regardless of the exact location of the restrained wires in the hands of the Garnishees, as the funds in question were restrained in New York at the time of the second service, the attachment should be allowed to stand. An attachment of intangibles should not be defeated by technical niceties. *See Esso Standard (Switzerland) v. The Arosa Sun*, 184 F. Supp. 124 (S.D.N.Y. 1960)(holding "admiralty has not permitted

2

technical niceties to defeat rights of foreign attachment. This is in accord with the well recognized principle pervading admiralty practice generally that equitable principles rather than technical rules and forms should be the paramount consideration and that the objective is to do substantial justice between the parties")(internal citations omitted).

Further, even if an attachment of property is found invalid in the first instance, as long as the initial attachment was made in good faith, a second attachment can work to rectify the defect. As the Second Circuit Court of Appeals indicated in *Reibor Int'l Ltd. v. Cargo Carriers (KACZ-Co.)., Ltd.*, 759 F.2d 262 (2d Cir. 1985), even if the funds need not have been initially restrained by the bank, they might be validly reattached. Judge Karas confirmed this principal in *Good Challenger Navagante S.A. v. Metalexportimport S.A.*, 2006 U.S. Dist. LEXIS 97920 (S.D.N.Y. 2006) (holding that a second attachment of funds was valid, notwithstanding the invalidity of the first order, since the first attempt was made in good faith). Because the subject property was initially restrained in good faith pursuant to a valid Attachment Order and the controlling precedent in this Circuit, the equities favor finding that valid re-attachment occurred as explained above. *See Winter Storm Shipping v. TPI*, 310 F.3d 263, 278 (2d Cir., 2002)(holding that "EFT funds in the hands of an intermediary bank may be attached pursuant to Admiralty Rule B(1)(a)"); *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 436 (2d Cir. 2006)(affirming that "[u]nder the law of this circuit, EFTs to or from a party are attachable by a court as they pass through banks located in that court's jurisdiction."); *Consub Del. LLC v. Schahin Engenharia Limitada*, 543 F.3d 104, 109 (2d Cir. 2008)(holding that *Winter Storm* was "correctly decided"); *cf. The Shipping Corporation*

*of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, 2009 U.S. App. LEXIS 22747, *1-2 (2d Cir. 2009)(overruling *Winter Storm* and abrogating *Consub Deleware*).

## POINT II

### RELIANCE CONSIDERATIONS MILITATE AGAINST GIVING *JALDHI* RETROACTIVE APPLICATION

In light of the inherent and grave inequity in giving *Jaldhi* retroactive effect, the Court should employ its equitable discretion and allow the attachments to stand to avoid a great injustice befalling the Plaintiff. "The inherent power to adapt an admiralty rule to the equities of a particular situation is entrusted to the sound discretion of the district judge sitting as an admiralty judge, and not to the circuit judges sitting in review." *See Greenwich Marine, Inc. v. S.S. Alexandra*, 339 F.2d 901, 907 (2d Cir. 1965).

Plaintiff justifiably relied on the fact that it obtained security in New York and has spent time, energy and money in prosecuting its substantive claims. Specifically, Plaintiff justifiably relied on the Second Circuit Court of Appeal's recent decision in *Consub Delaware* which held that *Winter Storm* was "correctly decided," in incurring substantial costs in bringing and maintain this action, and prosecuting its substantive claims in London. *See Consub Delaware, LLC v. Schahin Engenharia Limitada*, 543 F.3d 104, 110 (2d Cir. 2008).

Further, the Second Circuit Court of Appeal's decision need not be given retroactive effect. While it is recognized that the general rule favors retroactive as well as prospective application of judicial precedents, "in some exceptional cases, courts may shape relief in light of disruption of important reliance interests or the unfairness caused by unexpected judicial decisions." *See Margo v. Weiss*, 213 F.3d 55, 60 (2d Cir. 2000)(quoting *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 761-762 (1995)).

4

Plaintiff is mindful that the Second Circuit Court Appeals opined in *Jaldhi* that prior cases, when taken in totality, should allay concerns that its decision "is wholly unanticipated, suprising or disruptive to ongoing financial practices." *Jaldhi*, 2009 U.S. App. LEXIS 22747 at 14-15. Respectfully, it is difficult to imagine a more exceptional and unexpected judicial precedent than the *Jaldhi* decision in light of the undisclosed mini-*en banc* review by the Court on the one hand and its recent affirmation of *Winter Storm* in *Consub Delaware* on the other. Plaintiff could not be expected to contemplate the holding in *Jaldhi* at the time it commenced this action and over the course of the case.

## CONCLUSION

In light of the foregoing, the Court should maintain the status quo, endorse the Third Consent Turn Over Order and grant the Plaintiff all further and different relief as the Court may deem to be just under the circumstances.

Dated: November 10, 2009

Respectfully submitted,
The Plaintiff,
NEPA PROJECTS & INVESTMENTS LIMITED

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Siegel (NP 2871)
Darin L. Callahan (DC 8243)

LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
Phone / Fax (212) 490-6050 / 6070
pfl@lenmur.com
nrs@lenmur.com
dlc@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on November 10, 2009, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By: _____
Darin L. Callahan (DC 8242)